IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY SIMS and PHILLIP WISEMAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No. 03 C 00381 & 03 C 00382 |
| | ) | |
| JEROME SCHULTZ, individually and | ) | Judge Joan Gottschall |
| in his official capacity as Chief of | ) | |
| Police of the Willow Springs Police | ) | |
| Department, the VILLAGE OF | ) | |
| WILLOW SPRINGS, a municipal | ) | |
| corporation, JOHN LYNN, | ) | |
| individually and in his official | ) | |
| capacity as Lieutenant of the Willow | ) | |
| Springs Police Department, | ) | |
| CHRISTOPHER LIMAS, individually | ) | |
| and in his official capacity as Village | ) | |
| Administrator of the Village of | ) | |
| Willow Springs, TERRANCE CARR, | ) | |
| individually and in his official | ) | |
| capacity as President of the Village | ) | |
| of Willow Springs, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW
## AS TO DEFENDANT TERRANCE CARR

NOW COMES the Defendant, TERRENCE CARR ("Carr"), by and through his attorneys, CHILTON YAMBERT PORTER & YOUNG, LLC, and moves this Court for judgment as a matter of law Pursuant to Rule 50 of the Federal Rules of Civil Procedure, at the close of Plaintiffs' cases, and in support of said motion, states as follows:

**No Evidence Exists That Defendant Carr Played Any Role in Plaintiffs' Terminations**

Plaintiffs must prove by preponderance of the evidence that Defendant Carr was personally involved in the conduct that the Plaintiffs complain about. However, based on the evidence presented at trial, it is clear that Defendant Carr played no role in their terminations.

1

There is no evidence that Defendant Carr knew about or participated in the arrest of Plaintiff Sims subsequent to his termination. Defendant Carr specifically testified that he relied upon Village Administrator Limas or Chief Schultz to make decisions about terminations at the police department and that his approval was not required for termination decisions. (Trial Tr. Vol. 4 p. 522-523). In fact, Defendants Schultz and Limas testified that they made the decisions to terminate Plaintiffs. (Trial Tr. Vol. 4 p. 545-546). As such, Defendant Carr cannot be liable for what other employees did or did not do simply because he was the Mayor. Plaintiffs tried to implicate Defendant Carr as being involved in their terminations by claiming he made the comment "one down, one to go" in a bar after Plaintiff Sims was terminated and shortly before Plaintiff Wiseman was terminated. Defendant Carr testified that he never made that statement. (Trial Tr. Vol. 4 p. 531). As such, this unsubstantiated comment holds no weight in demonstrating Defendant Carr played any role in Plaintiffs' terminations.

Moreover, Plaintiffs offered no evidence demonstrating that Defendant Carr was aware of their alleged complaints to the States Attorney about the Slouber incident. Clearly, this was a police matter which the Mayor of the Village would not have been directly involved in. Witness Stratton presented no testimony that she ever contacted Defendant Carr about the alleged complaint, but rather that she only contacted Defendant Schultz. Likewise, Defendant Carr testified that he had never received a call from the State's Attorney's Office regarding this alleged incident. (Trial Tr. Vol. 4 p. 533). Defendant Carr had no knowledge as to whether the State's Attorney was even conducting an investigation into Plaintiffs' allegations. Regardless, Defendant Carr played no role in Plaintiffs' terminations.

**<u>No Evidence Exists That Defendant Carr Violated Plaintiffs' First Amendment Rights</u>**

Based on the testimony presented during Plaintiffs' case, Defendant Carr did not attempt to prevent Plaintiffs from crafting the Bermejo petition. In fact, Plaintiff Wiseman testified that

Defendant Carr told him, "well, do what you think you got to do". (Trial Tr. Vol 2 p. 94). As such, Plaintiffs created a petition advocating a drug free work environment "to show solidarity, not only to our fellow officer, but ultimately the village administrators, the trustees, the mayor, and the like". (Trial Tr. Vol. 2 p. 85). Moreover, the reason Plaintiff Wiseman testified Plaintiffs created the petition was for his and his fellow officers' safety. (Trial Tr. Vol. 2 p. 87). Based on the United States Supreme Court's decision in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (May 30, 2006) and the Seventh Circuit's recent decision in *Spiegla v. Hull,* 2007 WL 937081 (7th Cir. March 30, 2007), no evidence supports the argument that Plaintiffs' speech is even protected by the First Amendment. Plaintiffs' speech was related to and part of their job duties as police officers in Willow Springs. Plaintiffs' speech was related to and part of their job duties as police officers in Willow Springs. The petition was crafted by Plaintiffs in their capacity as police officers with the Village of Willow Springs. Plaintiffs' alleged actions in complaining to Village officials about Officer Bermejo, conducting surveillance, drafting the petition, promoting other officers to join in and presenting the petition to Village administrators was related to their official job duties. Therefore, under the United States Supreme Court's decision in *Garcetti,* it is clear that Plaintiffs' speech was part of their job duties and was not protected by the First Amendment.

The only evidence as to Defendant Carr produced during Plaintiffs' cases was that he authorized the hiring of an independent investigative firm, Kirby and Associates, to determine who was authoring and distributing the alleged flyers. (Trial Tr. Vol. 4 p. 539). It is undisputed that these flyers were not subject to the protection of the First Amendment. In any event, Defendant Carr testified that his sole purpose in hiring Kirby and Associates was to determine the source of these flyers. However, Plaintiffs do not claim that the retaliation against them was as a result of these flyers but rather claim that they were terminated for participating in the

petition. Moreover, Defendant Carr did not attend or participate in the interrogations conducted but rather relied on Defendant Limas' updates. (Trial Tr. Vol. 4 p. 538). Clearly, Defendant Carr's decision to authorize an investigation into the source of the flyers had no bearing whatsoever on Plaintiffs' terminations, warranting judgment in Defendant Carr's favor.

WHEREFORE, the Defendant, Terrance Carr, respectfully requests that this Court enter judgment as a matter of law, at the close of the Plaintiffs' cases.

**s/Kenneth T. Garvey**
Attorney Bar No. 0920827
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: kgarvey@cypylaw.com
