IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BOBBY SIMS and PHILLIP WISEMAN** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Court No. 03 C 00381 & 03 C 00382 |
| ) | |
| **JEROME SCHULTZ**, individually and ) | Judge Joan Gottschall |
| in his official capacity as Chief of ) | |
| Police of the Willow Springs Police ) | |
| Department, the **VILLAGE OF** ) | |
| **WILLOW SPRINGS**, a municipal ) | |
| corporation, **JOHN LYNN**, ) | |
| individually and in his official ) | |
| capacity as Lieutenant of the Willow ) | |
| Springs Police Department, ) | |
| **CHRISTOPHER LIMAS**, individually ) | |
| and in his official capacity as Village ) | |
| Administrator of the Village of ) | |
| Willow Springs, **TERRANCE CARR**, ) | |
| individually and in his official ) | |
| capacity as President of the Village ) | |
| of Willow Springs, ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW
## ON PLAINTIFFS' DUE PROCESS CLAIMS

NOW COME the Defendants, THE VILLAGE OF WILLOW SPRINGS, JEROME SCHULTZ, TERRANCE CARR, JOHN LYNN, and CHRISTOPHER LIMAS (collectively "Defendants), by and through their attorneys, CHILTON YAMBERT PORTER & YOUNG LLP, and move this Court for Judgment as a Matter of Law on the issue of Plaintiffs' due process claims pursuant to Rule 50 of the Federal Rules of Civil Procedure, at the close of Plaintiffs' cases, and in support of said motion, state as follows:

1.	Plaintiff Sims and Plaintiff Wiseman assert due process claims based on the allegation that they were deprived of the rights and privileges of continued employment as patrol officers without cause, written charges, and an opportunity to be heard in violation of due process.  (See, Sims Complaint Count IV; Wiseman Complaint Count III).

2.	The Village terminated Plaintiff Sims for using more than the allotted 12 weeks of FMLA time and terminated Plaintiff Wiseman for not cooperating with the Village's internal investigation into the distribution of flyers, for the Barnard incident and for insubordination (See, Defendants' Exh. 27 and 51).  Defendant Limas testified that he consulted with the Village Attorney regarding the number of weeks of taken by Plaintiff Sims and concluded that Plaintiff Sims used more than his allotted 12 weeks of FMLA time.  Only after Defendants Limas consulted with the Village Attorney about the Village's obligation under the FMLA did the Village terminate Plaintiff Sims employment.  Defendants reasonably relied on their attorney's advice and determined that Plaintiff Sims should be terminated for cause.

3.	Similarly, Defendants Limas and Schultz testified that they consulted with Attorney Rothschild about Plaintiff Wiseman's refusal to cooperate during the Village's internal investigation into the flyers, how Wiseman's involvement in the Barnard incident opened the Village up to liability and Wiseman's insubordination before the Village terminated Plaintiff Wiseman.  Defendant Limas testified he created a draft termination letter but indicated that it was the Village Attorney that took his draft and prepared the "meat" Plaintiff Wiseman's termination letter.  Similarly, the Village relied on these reasons before terminating Wiseman for cause.

4. Based on the evidence presented, it is clear that Plaintiffs were not entitled to a pre-termination hearing under the Collective Bargaining Agreement. (Trial Tr. Vol. 2 p. 295). However, the Collective Bargaining Agreement which provided Plaintiffs with sufficient post-termination relief. In fact, Plaintiff Wiseman admitted at trial that he proceeded through steps I and II of the grievance process but that his request for arbitration did not proceed because his union had decertified and the new union refused to pick up the claim. (Trial Tr. Vol 2 p. 255-256; Defendants' Exh. 86). The union's decision not to pursue arbitration on behalf of Plaintiffs is through no fault of Defendants.

5. Further, Plaintiffs' claim that their rights were violated during the Village's internal investigation is unsupported. Plaintiffs admitted that they were advised of their rights and executed administrative proceedings forms prior to being questioned by Chief Schultz in conjunction with the Village's internal investigation. (See Defendants' Exh. 27 and 51). Moreover, Plaintiff Wiseman admitted he was represented by counsel for the FOP during his "interrogations" and Plaintiff Sims admitted that was represented by Mr. Radja and the FOP during his "interrogations". Both Plaintiffs testified that nothing prevented their counsel from asking questions or instructing them on how to answer.

6. In regards to Plaintiff Sims, Defendants Schultz and Limas testified that according to the medical documentation submitted by Plaintiffs, it was "undetermined" as to when Plaintiffs Sims was coming back to work. (Plaintiffs' Exh. 8). Even if Defendants were to provide Plaintiffs with a pre-termination hearing, the Village's interest in maintaining a full complement of police officers for the benefit of the entire community clearly outweighs Sims' interest in continued employment. *Jones v. City of*

*Gary,* 57 F.3d 1435 (7th Cir. 1995) (affirming district court's determination that post-suspension hearing was adequate protection of due process rights in light of fact AWOL firefighter, who suffered from arthritic condition, did not know when he would return to work).

       7.    In light of the evidence presented, Plaintiffs' due process claims are unsupported and are refuted by Plaintiffs' own testimony. As such, Defendants are entitled to judgment as a matter of law.

WHEREFORE, Defendants, THE VILLAGE OF WILLOW SPRINGS, JEROME SCHULTZ, TERRANCE CARR, JOHN LYNN, and CHRISTOPHER LIMAS, respectfully request that this Court enter judgment as a matter of law, at the close of the Plaintiffs' cases, on the Plaintiffs' due process claims.

                                               <u>s/Kenneth T. Garvey</u>
                                               Attorney Bar No. 0920827
                                               Chilton Yambert Porter & Young LLP
                                               150 South Wacker Drive, Suite 2400
                                               Chicago, Illinois 60606
                                               Telephone: (312) 460-8000
                                               Facsimile: (312) 460-8299
                                               Email: kgarvey@cypylaw.com