IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY SIMS and PHILLIP WISEMAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No. 03 C 00381 & 03 C 00382 |
| | ) | |
| JEROME SCHULTZ, individually and | ) | Judge Joan Gottschall |
| in his official capacity as Chief of | ) | |
| Police of the Willow Springs Police | ) | |
| Department, the VILLAGE OF | ) | |
| WILLOW SPRINGS, a municipal | ) | |
| corporation, JOHN LYNN, | ) | |
| individually and in his official | ) | |
| capacity as Lieutenant of the Willow | ) | |
| Springs Police Department, | ) | |
| CHRISTOPHER LIMAS, individually | ) | |
| and in his official capacity as Village | ) | |
| Administrator of the Village of | ) | |
| Willow Springs, TERRANCE CARR, | ) | |
| individually and in his official | ) | |
| capacity as President of the Village | ) | |
| of Willow Springs, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT AS A MATTER OF LAW ON PUNITIVE DAMAGES**

NOW COME the Defendants, JEROME SCHULTZ, TERRANCE CARR, JOHN LYNN, and CHRISTOPHER LIMAS (collectively "Defendants), by and through their attorneys, CHILTON YAMBERT PORTER & YOUNG LLP, and move this Court for Judgment as a Matter of Law on the issue of punitive damages pursuant to Rule 50 of the Federal Rules of Civil Procedure, at the close of Plaintiffs' cases, and in support of said motion, state as follows:

1. Plaintiff Sims sued the Defendants for violation of the First Amendment under 42 U.S.C. Section 1983 (Count I), conspiracy to violate the First Amendment under 42 U.S.C.

Section 1983 (Count II), violation of the Family Medical Leave Act (Count III), and violation of due process under 42 U.S.C. Section 1983 (Count IV).

2. Plaintiff Wiseman sued the Defendants for violation of the First Amendment under 42 U.S.C. Section 1983 (Count I), conspiracy to violate the First Amendment under 42 U.S.C. Section 1983 (Count II), and violation of due process under 42 U.S.C., Section 1983 (Count III).

3. Both Plaintiffs seek punitive damages under each Count of their respective Complaint. Plaintiff Sims is barred from an award of punitive damages under Count III of his Complaint, which is based on the Family Medical Leave Act, since the Act does not provide for such relief.

4. Judgment as a matter of law under Rule 50 is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Figueroa vs. City of Chicago, 2000 WL 1047316 (N.D. IL 2000),* citing *Cefalu vs. Village of Elk Grove 211 F 3rd 416, 422 (7th Cir. 2000).* Based on the evidence at this stage of the proceedings, there is no legally sufficient basis for an award of punitive damages; therefore, Judgment as a Matter of Law on the issue of punitive damages should be granted in favor of the Defendants.

5. The 7th Circuit Civil Jury Instructions indicate that a jury may assess punitive damages only if it finds that the conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is considered malicious if it is accompanied by ill-will or spite, or is done for the purpose of injuring a plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects a complete indifference to the Plaintiff's rights. See 7.24 Federal Civil Jury Instructions, 7th Circuit.

6. Neither Plaintiff introduced sufficient evidence to establish that any Defendant's conduct was malicious or in reckless disregard of his rights. In the context of civil rights, the defendants must violate the plaintiff's right in the face of a perceived risk that their conduct will violate Federal law to incur liability for punitive damages. *Kolstad v. American Dental Association,* 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed. 2nd 494 (1999). In other words, where the defendants believe their conduct to be lawful, punitive damages are inappropriate since there was no recklessness with respect to the deprivation of the Plaintiffs' rights in the face of a perceived risk of depriving said rights.

7. Here, there is no testimony demonstrating that Terrance Carr or John Lynn participated in any way in the decision to terminate the Plaintiffs. The evidence indicates that the Defendants Shultz and Limas made the decision to terminate the Plaintiffs after consultation with the Village's attorney, Don Rothschild. Clearly, based on their consultation with Attorney Rothschild, these Defendants believed their conduct to be lawful.

8. The bases of the Plaintiffs' claims are essentially the same, that is, they were discharged for making public an officer's use of cocaine and for reporting alleged corruption in the Willow Springs Police Department to the State's Attorney's Office. As to the allegations made to the State's Attorney, the only information that Karyn Stratton provided was that was contacted by Plaintiffs regarding misconduct, but closed her file on the matter. There is no evidence that the State's Attorney contacted anyone, other than Defendant Schultz, regarding Plaintiffs' alleged complaints. Plaintiff Sims claims to have spoken on the phone for a few minutes with the State's Attorney. Plaintiffs' own witness, Rich Kaczmarek, admitted under oath that despite the fact that he and Wiseman spent approximately one hour at the State's

Attorney's Office, but that no further investigation was commenced. (Trial Tr. Vol. 2 p. 278). As to the petition Plaintiffs prepared regarding Officer Bermejo, there is no evidence that any of the Defendants prevented the Plaintiffs from signing, preparing or circulating this petition. Moreover, the Village was bound by the Collective Bargaining Agreement to keep confidential the subject matter of the agreement with the Union and Officer Bermejo.

9. Punitive damages are recoverable under Section 1983 if the defendant's conduct was "motivated by evil intent or involved reckless or callous indifference to the federally protected rights of others". *Siebert vs. Severino, 256 F. 3rd 648, 655 (7th Cir. 2001).* Here, the Plaintiffs offered no evidence that Defendants Carr and Lynn were personally involved or participated in the decision to terminate the Plaintiffs. In addition, the evidence has revealed that the Defendants Schultz and Limas relied on the legal advice of Attorney, Don Rothschild, when the Plaintiffs were terminated.

10. Further, based on the United States Supreme Court's decision in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (May 30, 2006) and the Seventh Circuit's recent decision in *Spiegla v. Hull,* 2007 WL 937081 (7th Cir. Mar. 30, 2007), no evidence supports the argument that Plaintiffs' speech is protected by the First Amendment. Plaintiffs' speech was related to and part of their job duties as police officers in Willow Springs. Plaintiffs testified that they approached the Mayor and the Village Administrator indicating that they suspected Officer Bermejo was using cocaine. Plaintiffs were then asked to and did conduct surveillance on Officer Bermejo as part of their job duties. After Plaintiffs learned that Officer Bermejo admitted to Chief Schultz to having a drug problem, they drafted a petition promoting a drug free work environment and presented it to fellow police officers in the break room during a shift change. To convince their fellow officers to sign the petition, Plaintiffs assured the other officers that the petition would be

handled internally.  Plaintiffs presented the signed petition to Defendant Lynn and Mayor Carr. The petition itself states that Bermejo will be "ineffective" as a police officer, "a serious liability to the department", "betrayed his oath as a police officer", and "will be a detriment to all honest police officers".  Plaintiffs created a petition advocating a drug free work environment "to show solidarity, not only to our fellow officer, but ultimately the village administrators, the trustees, the mayor, and the like".  (Trial Tr. Vol. 2 p. 85).  Specifically, Plaintiff Wiseman testified Plaintiffs created the petition was for his and his fellow officers' safety.  (Trial Tr. Vol. 2 p. 87). The petition was created by the plaintiffs in their capacity as police officers.  Plaintiffs' actions in complaining to Village officials about Officer Bermejo, conducting surveillance, drafting the petition, promoting other officers to join in and presenting the petition to Village administrators were related to their official job duties.  In fact, the petition never went outside the Village. Therefore, under the United States Supreme Court's decision in *Garcetti,* it is clear that Plaintiffs' speech was part of their job duties and was not protected by the First Amendment.

WHEREFORE, the Defendants, Jerome Schultz, Terrance Carr, John Lynn and Christopher Limas, respectfully request that this Court enter judgment as a matter of law on the issue of punitive damages, at the close of Plaintiffs' cases, in favor of the Defendants and against the Plaintiffs Sims and Wiseman.

**s/ Kenneth T. Garvey**
Attorney Bar No. 0920827
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: kgarvey@cypylaw.com