# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY SIMS & PHILLIP WISEMAN ) | | |
| Plaintiffs, ) | Case No. 03 C 00381 | |
| ) | Case No. 03 C 00382 | |
| v. ) | | |
| JEROME SCHULTZ, et al. ) | | |
| Defendants ) | Honorable Judge Joan Gottschall | |
| ) | Magistrate Judge Brown | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the Defendant, VILLAGE OF WILLOW SPRINGS, by and through its attorneys, CHILTON YAMBERT PORTER & YOUNG LLP, and moves this Court for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure, at the close of all the evidence, and in support of said motion, states as follows:

1. Plaintiff Sims failed to offer legally sufficient evidence that this Defendant violated his First Amendment Rights (Count I), conspired to violate his First Amendment Rights (Count II), violated his rights under the Family Medical Leave Act (Count III), or violated his due process rights (Count IV).

2. Plaintiff Wiseman failed to offer legally sufficient evidence that this Defendant violated his First Amendment Rights (Count I), conspired to violate his First Amendment Rights (Count II), or violated his due process rights (Count III).

3. At the outset, the Defendant Village of Willow Springs incorporates by reference the arguments advanced in the Rule 50 motions of the Co-Defendants for and as its arguments in support of its motion for judgment as a matter of law.

4. The substance of Sims' and Wiseman's claims is that they were terminated in

retaliation for complaining to the State's Attorney's office about the Slouber arrest, and for preparing a petition regarding the Village's handling of a police officer's use of cocaine. In regard to the alleged complaints to the State's Attorney's office, there has been no evidence that the Village of Willow Springs had any knowledge of Plaintiffs' complaints to the State's Attorney either prior or subsequent to their terminations. In regard to the Village's handling of the officer's use of cocaine, the testimony has shown that Officer Bermejo voluntarily came to Chief Schultz with his drug problem. Chief Schultz testified that, in accordance with Section 5.6 of the Collective Bargaining Agreement between the Village and the Illinois Fraternal Order of Police, an agreement was entered into between the Village, the union and the officer under which he was to have an unpaid leave of absence in order to attend rehabilitation classes, which he did. In the event that he failed any random drug test thereafter, he was to be terminated. The evidence has established that Officer Bermejo resigned after failing a random drug test.

5. Further, based on the United States Supreme Court's decision in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (May 30, 2006) no evidence supports the argument that Plaintiffs' speech is protected by the First Amendment. Plaintiffs' speech was related to and part of their job duties as police officers in Willow Springs. Initially, Plaintiff approached the Mayor and the Village Administrator indicating that they suspected Officer Bermejo was using cocaine. Plaintiff was then asked to and did conduct surveillance on Officer Bermejo as part of his job duties. After Plaintiffs learned that Officer Bermejo admitted to Chief Schultz to having a drug problem, they drafted a petition promoting a drug free work environment and presented it to fellow police officers in the break room during a shift change. To convince their fellow officers to sign the petition, Plaintiffs assured the other officers that the petition would be handled internally. Plaintiff presented the signed petition to Defendant Lynn and Mayor Carr. The

2

petition itself states:

> We, the undersigned full time Police Officers of the Village of Willow Springs have knowledge that Officer Francisco Bermejo has tested positive for cocaine on a drug test that was administered due to this promotion to Detective. We are extremely disappointed with the non action taken with Officer Bermejo and allowing him to be placed on vacation leave. We will not tolerate illegal substance abuse among our police officers and will not voluntarily work with any such person(s). It is our intention to make public that Officer Francisco Bermejo has tested positive for cocaine and will be allowed to continue to be a Willow Springs Police Officer. Officer Bermejo has not only disgraced himself but has compromised himself by buying and abusing cocaine. Officer Bermejo is indebted to the person he has bought and used cocaine with; this has and will make him ineffective and a serious liability to the department. Officer Bermejo is now a Detective, a Field Training Officer; at times he is the ranking officers on a shift, which deems him the watch commander, and head of the Police Explorer program. Officer Bermejo has betrayed his oath as a police officer and to continue to allow him to be employed as a police officer will be a detriment to all honest police officers. We respectfully request termination proceedings being at once against Officer Bermejo. We the undersigned agree and adhere to a zero tolerance drug free work environment.

The petition was created by the plaintiffs in their capacity as police officers. Plaintiffs' actions in complaining to Village officials about Officer Bermejo, conducting surveillance, drafting the petition, promoting other officers to join in and presenting the petition to Village administrators were related to their official job duties. In fact, the petition never went outside the Village. Therefore, under the United States Supreme Court's decision in *Garcetti,* it is clear that Plaintiffs' speech was part of their job duties and was not protected by the First Amendment.

6. Moreover, the Village of Willow Springs is not liable simply because it employed the other Defendants. The Village of Willow Springs can be liable only if the Plaintiffs have proven by a preponderance of the evidence that the Defendants' conduct was a result of its official policy. Federal Civil Jury Instructions, 7th Circuit, No. 7.19. Official policy is defined as

a custom of retaliating against employees that is persistent and widespread so that it is the Village of Willow Springs standard operating procedure. Federal Civil Jury Instructions, 7th Circuit, No. 7.20. Plaintiffs Wiseman and Sims have offered no evidence that the Village had a persistent and widespread custom of retaliating against employees, much less that it did so in this case.

WHEREFORE, the Defendant Village of Willow Springs respectfully requests that this Court enter judgment as a matter of law, at the close of Plaintiffs' cases and against Plaintiffs Phillip Wiseman and Bobby Sims.

**s/Kenneth T. Garvey**
Attorney Bar No. 0920827
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: kgarvey@cypylaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY SIMS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Court No.  03 C 381 |
| ) | Consolidated with 03 C 382 |
| JEROME SCHULTZ, individually and ) | |
| in his official capacity as Chief of ) | |
| Police of the Willow Springs Police ) | Judge Joan Gottschall |
| Department, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2007, I electronically filed the following:

- **Motion For Judgment as a Matter of Law on Punitive Damages;**
- **Motion For Judgment as a Matter of Law as to Defendant John Lynn;**
- **Motion For Judgment as a Matter of Law as to Defendant Christopher Limas;**
- **Defendant's Motion for Judgment as a Matter of Law on Plaintiff's Sims FMLA Claim;**
- **Motion For Judgment as a Matter of Law on Plaintiffs' Due Process Claims;**
- **Motion For Judgment as a Matter of Law as to Defendant Terrance Carr;**
- **Motion For Judgment as a Matter of Law as to Defendant Jerome Schultz; and**
- **Motion For Judgment as a Matter of Law.**

with the Clerk of the Court using the CM/ECF system which will send notices to the following registered users:

Mr. Thomas Radja Jr.
Law Office of Thomas S. Radja Jr., Ltd.
1220 Iroquois Avenue, Suite 204
Naperville, Illinois 60563
radja@tsr-law.com

<u>s/Kenneth T. Garvey</u>
Attorney Bar No. 0920827
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: kgarvey@cypylaw.com