# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **BOBBY SIMS and PHILLIP WISEMAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Court No. 03 C 381 & 03 C 382** |
| | ) | |
| **JEROME SCHULTZ, individually and** | ) | **Judge Joan Gottschall** |
| **in his official capacity as Chief of** | ) | |
| **Police of the Willow Springs Police** | ) | |
| **Department, the VILLAGE OF** | ) | |
| **WILLOW SPRINGS, a municipal** | ) | |
| **corporation, JOHN LYNN,** | ) | |
| **individually and in his official** | ) | |
| **capacity as Lieutenant of the Willow** | ) | |
| **Springs Police Department,** | ) | |
| **CHRISTOPHER LIMAS, individually** | ) | |
| **and in his official capacity as Village** | ) | |
| **Administrator of the Village of** | ) | |
| **Willow Springs, TERRANCE CARR,** | ) | |
| **individually and in his official** | ) | |
| **capacity as President of the Village** | ) | |
| **of Willow Springs,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S MOTION FOR JUDGMENT
## AS A MATTER OF LAW ON PLAINTIFF'S SIMS FMLA CLAIM

NOW COME the Defendants, THE VILLAGE OF WILLOW SPRINGS, JEROME SCHULTZ, TERRANCE CARR, JOHN LYNN, and CHRISTOPHER LIMAS (collectively "Defendants), by and through their attorneys Chilton Yambert Porter & Young LLP, and move this Court for judgment as a matter of law psuant to Rule 50 of the Federal Rules of Civil Procedure, at the close of all the evidence, and in support of said motion, state as follows:

    1.      Plaintiff Sims alleges Defendants terminated him in violation of his rights

under the Family Medical Leave Act 29 U.S.C. §2601 ("FMLA"). (See Count III). Under the FMLA, an employee is provided 12 weeks of leave upon providing at least 30 days notice to the employer of foreseeable leave for a "serious medical condition". Sims testified that he developed polyarthritis and was unable to perform his duties as a Willow Springs police officer. However, Sims did not notify the Village of his request for FMLA leave until August 26, 2002 – after being off work for his polyarthritis since May, 2002.

2.      The Village granted Sims' request for FMLA leave, but as Sims had already taken more than his 12 weeks of allotted FMLA time, the Village terminated him because he needed even more time off. Sims admits that he requested to take off another 12 weeks for his polyarthritis and indicated that he did not know when he would be able to return to work. Sims stated that even if he had wanted to return to work in August 2002 that he was unable to due to his polyarthritis, further admitting that he was unable to work for another 12 months.

3.      Clearly, Sims need for leave was foreseeable. Sims testified that he began treating with Dr. Carpenter in May 2002, who informed him that he would be unable to return to work any time soon and that his return was "undetermined". Pursuant to the FMLA regulations promulgated by the U.S. Department of Labor, Sims was required to inform the Village of his foreseeable need to take time off 30 days before his request. 29 C.F.R. §825.302(a). In the alternative, even if the evidence demonstrates that Sims leave was not foreseeable but came about due to exigent circumstances, Sims was required to inform the Village of his need to take FMLA leave "as soon as practicable". *Aubuchon v. Knauf Fiberglass, GMBH,* 240 F. Supp.2d 859, 866 (S.D. Ind. 2003)*; citing, Collins v.*

*NTN-Bower Corp.,* 272 F.3d 1006, 1008 (7th Cir. 2001) (notice is essential even for emergencies); 29 C.F.R. §825.303.

      4.     Based on Sims' testimony that he would have needed at least another 12 weeks of time off, the evidence supports the Village's position that Sims would not have been prejudiced as the issue is not whether Sims *would* return to work but rather whether he *could* return. Based on the evidence presented, Sims could not return to work and the Village's interest in maintaining a full complement of police officers for the benefit of the entire community clearly outweighs Sims' interest in continued employment. *Jones v. City of Gary,* 57 F.3d 1435 (7th Cir. 1995) (affirming district court's determination that post-suspension hearing was adequate protection of due process rights in light of fact AWOL firefighter, who suffered from arthritic condition, did not know when he would return to work).

      WHEREFORE, Defendants, THE VILLAGE OF WILLOW SPRINGS, JEROME SCHULTZ, TERRANCE CARR, JOHN LYNN, and CHRISTOPHER LIMAS, respectfully request that this Court enter judgment as a matter of law, at the close of all the evidence.

**s/Kenneth T. Garvey**
Attorney Bar No. 0920827
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: kgarvey@cypylaw.com
