IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY SIMS and PHILLIP WISEMAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No. 03 C 00381 & 03 C 00382 |
| | ) | |
| JEROME SCHULTZ, individually and | ) | Judge Joan Gottschall |
| in his official capacity as Chief of | ) | |
| Police of the Willow Springs Police | ) | |
| Department, the VILLAGE OF | ) | |
| WILLOW SPRINGS, a municipal | ) | |
| corporation, JOHN LYNN, | ) | |
| individually and in his official | ) | |
| capacity as Lieutenant f the Willow | ) | |
| Springs Police Department, | ) | |
| CHRISTOPHER LIMAS, individually | ) | |
| and in his official capacity as Village | ) | |
| Administrator of the Village of | ) | |
| Willow Springs, TERRANCE CARR, | ) | |
| individually and in his official | ) | |
| capacity as President of the Village | ) | |
| of Willow Springs, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT AS A MATTER OF LAW
AS TO DEFENDANT JOHN LYNN**

NOW COMES the Defendant, JOHN LYNN ("Lynn"), by and through his attorneys, CHILTON YAMBERT PORTER & YOUNG, LLC, and moves this Court for entry of Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure, at the close of all the evidence, and in support of said motion, states as follows:

Plaintiff Sims failed to offer legally sufficient evidence that Defendant Lynn violated his First Amendment Rights (Count I), conspired to violate his First Amendment Rights (Count II), violated his rights under the Family Medical Leave Act (Count III), or violated his due process rights (Count IV). Likewise, Plaintiff Wiseman failed to prove that Defendant Lynn violated his

1

First Amendment rights (Count I), conspired to do so (Count II) or violated his due process rights (Count III).

**<u>No Evidence Shows That Defendant Lynn Played Any Role In Plaintiffs' Terminations</u>**

The evidence presented during Plaintiffs' cases fails to establish that Defendant Lynn played any role in the decisions to terminate Plaintiffs. Rather, Defendants Limas and Schultz admitted that they, in consultation with the Village Attorney, made the decision to terminate Sims. (Trial Tr. Vol. 4 p. 506). Likewise, Defendants Limas and Schultz admitted that they, in consult with the Village Attorney, made the decision to terminate Plaintiff Wiseman. (Trial Tr. Vol. 4 p. 424). Based on the evidence presented, it is clear that Defendant Lynn had nothing to do with Plaintiffs' terminations.

Plaintiffs offered no evidence to demonstrate that Defendant Lynn tried to stop Plaintiffs from complaining to the State's Attorney or that Defendant Lynn was even aware of their alleged complaints to the State's Attorney about the Slouber incident. Witness Stratton indicated that she was informed of the Slouber incident by Plaintiff Wiseman and Witness Kaczmarek; however, both Plaintiff Wiseman and Witness Kaczmarek admitted that they had no personal knowledge of the incident. Further, Witness Stratton reviewed the police report, indicating Defendant Lynn received felony approval from State's Attorney Mr. Granderson. (Trial Tr. Vol. 4 p. 517). However, Plaintiffs Witness Stratton never bothered to contact Mr. Granderson who was a fellow State's Attorney to find out why felony approval was given. (Trial Tr. Vol. 4 p. 517). Further, Witness Stratton presented no testimony that she contacted Defendant Lynn about the alleged complaint, but rather testified that she contacted Defendant Schultz. (Trial Tr. Vol. 4 p. 512). However, the incident which Witness Stratton contacted Defendant Schultz about involving a "young lady" was a different incident concerning Jennifer Walsh and was the subject of a motion in limine – already granted by this Court.

Regardless, Witness Stratton admitted that she opens a file for all complaints. (Trial Tr. Vol. 4 p. 513). However, Witness Stratton testified that she did not proceed with an investigation and at the time she called the file was already closed or was in the process of being closed. (Trial Tr. Vol. 4 p. 514). Moreover, any alleged conversation between Plaintiff Wiseman and Defendant Lynn did not prevent Plaintiffs from contacting the State's Attorney's Office as Plaintiff Wiseman testified that Defendant Lynn approached him before he even went to complain. (Trial Tr. Vol 1 p. 61).

**<u>No Evidence Shows that Defendant Lynn Violated Plaintiffs' First Amendment Rights</u>**

Plaintiffs failed to show how Defendant Lynn violated their First Amendment rights. Based on the facts presented, no evidence indicates that Defendant Lynn prevented them from preparing or distributing the petition regarding Officer Bermejos' alleged drug use, and Plaintiffs never testified that Defendant Lynn conspired with anyone regarding the petition or ordered anyone to remove their signature from the petition. The only testimony provided concerning Defendant Lynn's involvement in the petition is that he refused to sign it because he: (i) did not know whether Officer Bermejo tested positive; (ii) did not know whether the Village failed to take any action; and (iii) did not agree with the petition becoming public. (Trial Tr. Vol. ) In fact, Defendant Lynn testified that he knew nothing about whether Bermejo had come forward voluntarily – the only information Defendant Lynn had was that he was not to be placed on the schedule after May 7, 2002. Simply refusing to sign the petition, which was Defendant Lynn's First Amendment right, and being told not to put Officer Bermejo on the schedule, does not prove that Defendant Lynn violated or conspired to violate Plaintiffs' First Amendment rights.

Plaintiffs created a petition advocating a drug free work environment "to show solidarity, not only to our fellow officer, but ultimately the village administrators, the trustees, the mayor, and the like". (Trial Tr. Vol. 2 p. 85). Moreover, the reason Plaintiff Wiseman testified

3

Plaintiffs created the petition was for his and his fellow officers' safety. (Trial Tr. Vol. 2 p. 87). Based on the United States Supreme Court's decision in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (May 30, 2006) and the Seventh Circuit's recent decision in *Spiegla v. Hull,* 2007 WL 937081 (7th Cir. March 30, 2007), no evidence supports the argument that Plaintiffs' speech is even protected by the First Amendment. Plaintiffs' speech was related to and part of their job duties as police officers in Willow Springs. Plaintiffs' speech was related to and part of their job duties as police officers in Willow Springs. The petition was crafted by Plaintiffs in their capacity as police officers with the Village of Willow Springs. Plaintiffs' alleged actions in complaining to Village officials about Officer Bermejo, conducting surveillance, drafting the petition, promoting other officers to join in and presenting the petition to Village administrators was related to their official job duties. Therefore, under the United States Supreme Court's decision in *Garcetti,* it is clear that Plaintiffs' speech was part of their job duties and was not protected by the First Amendment.

**<u>No Evidence Exists Showing John Lynn Ordered the Arrest of Sims</u>**

The only evidence Plaintiffs offered as to Defendant Lynn was that he was called to the police station when Plaintiff Sims was arrested, pursuant to a complaint issued by Chief Schultz. Plaintiff Sims' arrest occurred several weeks after he had already been terminated - a decision in which Defendant Lynn did not participate. Rather, as Plaintiff Wiseman testified, Defendant Lynn was on the telephone with Chief Schultz during the arrest and simply relayed orders issued. (Trial Tr. Vol 2 p. 120-121). Defendant Lynn's participation in the arrest was simply to make certain that the Chief's orders were followed during the arrest procedure. Indeed, Plaintiffs failed to establish that the conduct of the Defendant Lynn was malicious or with a reckless disregard of his rights.

WHEREFORE, the Defendant, John Lynn, respectfully requests that this Court enter

4

judgment as a matter of law, at the close of all the evidence, and against the Plaintiffs.

**s/Kenneth T. Garvey**
Attorney Bar No. 0920827
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: kgarvey@cypylaw.com